[Cite as *State v. Jones*, 2012-Ohio-4957.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 12CA22 |
| CHRISTOPHER M. JONES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of
                             Common Pleas, Case No. 2004 CR 0267

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      October 22, 2012

APPEARANCES:

For Appellant:                        For Appellee:

JAMES L. BLUNT, II                    JAMES J. MAYER, JR.
44 West Longview Ave.                 RICHLAND COUNTY PROSECUTOR
Mansfield, OH 44903                   JILL COCHRAN
                                      38 South Park
                                      Mansfield, OH 44902

*Delaney, J.*

{¶1} Appellant appeals from the February 21, 2012 amended judgment entry of the Richland County Court of Common Pleas sentencing him upon violation of the terms of his community control sanction. Appellee is the state of Ohio. This case is related to Fifth District Court of Appeals, Richland County case number 2012CA005.

*FACTS AND PROCEDURAL HISTORY*

{¶2} The procedural history of this case is lengthy and complicated by a number of related appeals. A recital of the facts underlying the criminal offenses involved is not necessary to our disposition of this appeal.

*Appellant is charged in case number 04-CR-267*

{¶3} In 2004, appellant was charged with a number of criminal offenses arising from a number of different incidents. The instant appeal pertains only to appellant's criminal conviction and sentence for one count of theft of a motor vehicle, one count of forgery in an amount greater than $5000, and one count of identity fraud. These offenses were filed under Richland County Court of Common Pleas case number 04-CR-267, which was eventually consolidated with a number of other pending cases.

{¶4} On August 27, 2007, appellant entered a plea of guilty in case number 04-CR-267 and three other cases. A sentencing hearing was scheduled and in the trial court ordered a presentence investigation. Before appellant could be sentenced, however, he failed to appear and was re-arrested amidst circumstances involving the filing of additional criminal charges.

{¶5} Finally appellant was sentenced on October 31, 2008. In case number 04-CR-267, he received an aggregate 8-year prison term to be served consecutively to his sentences on the remaining cases. Appellant did not file a direct appeal from these convictions or sentences.

{¶6} In March 2009 appellant filed a Motion to Withdraw Guilty Plea and a Petition to Vacate or Set Aside Judgment of Conviction or Sentence in, e.g., case number 04-CR-267. The motions were overruled on June 17, 2009, and again appellant filed no direct appeal from the decisions of the trial court.

{¶7} Appellant did file a motion for delayed appeal before this Court on August 17, 2009 and the motion was denied.

*Appellant moves to correct his sentences pursuant to Crim.R. 32(C)*

{¶8} Appellant then filed a Motion to Revise/Correct Sentencing Entries to Comply with Crim.R. 32(C) on May 21, 2010 for "failure to include the manner of conviction." The trial court thereupon issued amended sentencing entries in, e.g., case number 04-CR-267 on June 2, 2010.

{¶9} Appellant appealed the new sentencing entries to this Court, and we reversed the convictions and sentences because the trial court did not inform appellant of the possibility of post-release control prior to accepting his plea. *State v. Jones*, 5th Dist. No. 10CA75, 10CA76, 10CA77, 2011-Ohio-1202.

{¶10} On May 16, 2011, appellant entered pleas of guilty in the 2004 cases and was sentenced to a community control sanction. Appellant did not appeal from the judgment entries of conviction and sentencing.

{¶11} Finally, appellant was arrested again and incarcerated in federal prison. Shortly after his release, probation violations were filed on the 2004 cases and a hearing was held on December 21, 2011.

*The procedural history of the instant appeal and the related case, Fifth District Court of Appeals, Richland County case number 2012CA005*

{¶12} The record in the instant appeal includes the record of the community control violation hearing of December 21, 2011 but not the May 16, 2011 change of plea and sentencing. Appellee asserts appellant did not raise an allied-offenses argument at the original sentencing hearing. The record before us contains no indication appellant raised the issue via motion or direct appeal from the May 16, 2011 sentencing and resulting judgment entry of May 17, 2011.

{¶13} On December 21, 2011, appellant appeared before the trial court for a community control violation hearing.[1] The trial court issued its judgment entry on December 22, 2011, and appellant subsequently appealed on January 17, 2012. That appeal was filed as Fifth District Court of Appeals, Richland County case number 12CA5.

{¶14} Appellant filed his brief in case number 12CA5 on March 23, 2012, raising one assignment of error involving the voluntariness of his plea when he was not informed of post-release control.

{¶15} On February 21, 2012, the trial court issued an amended journal entry in Richland County Court of Common Pleas case number 04-CR-0267D. Appellant filed a second appeal (the instant appeal) and moved to amend his brief in 12CA5;

---

[1] Case numbers 04-CR-267D and 05-CR-0863D.

appellant sought to add an assignment of error asserting the three charges in 04-CR-0267D are allied offenses.

{¶16} Appellee moved to dismiss the appeal in case number 12CA5 and to consolidate both cases under case number 12CA22. Appellant filed a motion contra.

{¶17} We initially consolidated the cases for merit review but then ordered the cases separated. Case number 12CA5 therefore considers the first assignment of error raised by appellant [voluntariness of appellant's plea], and case number 12CA22 considers the second assignment of error [allied offenses].

{¶18} Appellant raises one Assignment of Error:

{¶19} "I. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING FINDINGS PURSUANT TO THE FELONY SENTENCING STATUTES, AS TO WHETHER THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT ARISING FROM THE SAME ANIMUS."

I.

{¶20} Appellant argues his convictions for theft of a motor vehicle, forgery, and identity fraud as charged in case number 04-CR-267 were allied offenses and should have merged for purposes of sentencing. We disagree and find appellant's argument is barred by res judicata.

{¶21} Appellant filed no direct appeal from the trial court's sentencing entry of May 17, 2011, and now attempts to bootstrap an allied-offenses argument arising from the original sentencing to the penalty imposed at the hearing on his subsequent community control violation(s).

{¶22} Appellant had a prior opportunity to litigate the allied-offenses claims he sets forth in the instant appeal via a timely direct appeal from the sentencing hearing and resulting judgment entry dated May 17, 2011; his most recent round of arguments are therefore barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.*

{¶23} Appellant's argument regarding allied offenses could have been raised on direct appeal from the trial court's sentencing entry, and res judicata applies even though appellant never pursued a direct appeal. *State v. Barfield,* 6th Dist. No. Nos. L–06–1262, L–06–1263, 2007–Ohio–1037, ¶ 6.

{¶24} Appellant's sole assignment of error is therefore overruled and the judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

PAD:kgb

[Cite as *State v. Jones*, 2012-Ohio-4957.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHRISTOPHER M. JONES | : | |
| | : | |
| | : | Case No. 12CA22 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN