[Cite as *State v. Holson*, 2014-Ohio-365.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 COA 020 |
| JOSEPH F. HOLSON, JR. | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  09 CRI 066

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT ENTRY:       February 3, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RAMONA J. ROGERS                    JAMES H. BANKS
PROSECUTING ATTORNEY            Post Office Box 40
PAUL T. LANGE                             Dublin, Ohio  43017
ASSISTANT PROSECUTOR
110 Cottage Street, Third Floor
Ashland, Ohio  44805

*Wise, P. J.*

{¶1}.   Appellant Joseph F. Holson, Jr. appeals from the decision of the Court of Common Pleas, Ashland County, which denied his motion to withdraw his 2010 guilty plea and vacate his corresponding conviction and sentence for complicity in the illegal use of a minor in nudity-oriented material and for possession of cocaine. The relevant facts leading to this appeal are as follows.

{¶2}.   On February 19, 2009, law enforcement officers entered the residence of appellant and Colleen L. Pepper on Township Road 1335 in Ashland, Ohio, pursuant to a search warrant. Officers found cocaine, prescription drugs (not prescribed to either appellant or Pepper), and various items of drug paraphernalia. Officers also found a number of homemade pornographic videos which had been filmed in the house.

{¶3}.   One of the videos depicts appellant and Pepper viewing a seventeen-year-old female, M.B., who is seen trying on lingerie and in various states of nudity. At points in the video, close-up filming was conducted showing the victim's anus, vagina, and breasts. M.B. later provided a statement to investigating police officers indicating that she was seventeen years old at the time of the video and was a junior in high school.

{¶4}.   In August 2009, with the assistance of retained counsel, appellant pled guilty in the Ashland County Common Pleas Court to a bill of information containing one count of complicity to illegal use of a minor in nudity-oriented material, a felony of the fifth degree, and one count of possession of cocaine, also a felony of the fifth degree.

{¶5}. On September 21, 2009, the trial court sentenced appellant to a total of six months in prison. Appellant did not file an appeal of his convictions. Appellant was released from prison in March 2010.

{¶6}. On January 31, 2013, over three years after he was sentenced, appellant filed a "motion to withdraw guilty plea and vacate conviction and sentence." On February 8, 2013, the State filed a response to the motion.

{¶7}. On February 13, 2013, the trial court denied part of appellant's motion without a hearing and scheduled the remaining portions for a hearing.[1]

{¶8}. In May 2013, the trial court conducted a hearing in regard to appellant's decision to subpoena the Ashland County Prosecutor to testify regarding the motion to withdraw guilty plea. Following this hearing, the trial court ordered the parties to file additional legal memoranda. On May 28, 2013, the State filed a memorandum of law and therein requested that the court deny the remaining claims in appellant's motion to withdraw guilty plea without conducting a hearing.

{¶9}. On June 10, 2013, the trial court overruled, in its entirety, appellant's motion to withdraw guilty plea and vacate conviction and sentence.

{¶10}. Appellant presently raises the following three Assignments of Error:

{¶11}. "I. THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS AND VACATE HIS CONVICTIONS DESPITE THE FACT THAT BOTH APPELLANT AND

---

[1] The trial court judge assigned to the case at this point was not the judge for the 2010 plea and conviction. In April 2013, appellant filed an affidavit in the Ohio Supreme Court requesting that the successor judge be disqualified from hearing the case. After the Ohio Supreme Court denied disqualification, the case proceeded.

THE STATE REQUESTED HEARING AND THE TRIAL COURT ACKNOWLEDGED THAT HEARING IS NECESSARY AND APPROPRIATE.

{¶12}. "II. THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AND VACATE HIS CONVICTIONS PURSUANT TO R.C. SECTION 2953.21 AND FURTHER ERRED IN FINDING THAT THE APPELLANT ASSERTED HIS SAID MOTION BASED SOLELY ON CRIMINAL RULE 32.1.

{¶13}. "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SET ASIDE HIS GUILTY PLEAS TO CORRECT MANIFEST INJUSTICE PURSUANT TO CRIMINAL RULE 32.1 BASED UPON NEWLY DISCOVERED EVIDENCE AND/OR INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶14}. We will address appellant's second assigned error first.

II.

{¶15}. In his Second Assignment of Error, appellant argues the trial court erred in failing to treat his motion to withdraw guilty plea and vacate his conviction and sentence as a petition for post-conviction relief, and in failing to grant same. We disagree.

{¶16}. The Ohio Supreme Court has clearly held that post-conviction relief pursuant to R.C. 2953.21 is a remedy independent of a motion to withdraw plea under Crim.R. 32.1. *See State v. Bush,* 96 Ohio St.3d 235, 773 N.E.2d 522, 2002-Ohio-3993, syllabus. Thus, the specific statutory time limits pertaining to the filing of petitions for post-conviction relief ("PCR") do not control post-sentence Crim.R. 32.1 motions. *State v. Shiflett*, Licking App.No. 09 CA 134, 2010-Ohio-3587, ¶ 24. Nonetheless, ineffective assistance of counsel can form the basis for a claim of manifest injustice to support

withdrawal of a guilty plea pursuant to Crim.R. 32.1. *See State v. Dalton,* 153 Ohio App.3d 286, 292, 2003-Ohio-3813, ¶18.

**{¶17}.** The aforesaid time requirements for PCR petitions are set forth in R.C. 2953.21(A)(2) as follows:

**{¶18}.** "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

**{¶19}.** In turn, R.C. 2953.23(A) states as follows:

**{¶20}.** "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

**{¶21}.** "(1) Both of the following apply:

**{¶22}.** "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States

Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶23}.** "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶24}.** "(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

**{¶25}.** "***"

**{¶26}.** In the case sub judice, the record clearly reveals that appellant's motion to withdraw plea and vacate conviction was filed more than three years after the court issued its entry of sentence. Thus, appellant would have had to rely on R.C. 2953.23(A)(1) in order to maintain a PCR petition. However, appellant's motion to withdraw, while asserting ineffective assistance of trial counsel, makes no mention of

either R.C. 2953.21 or R.C. 2953.23. We note Crim.R. 47 states that a motion "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." While we note appellant's post-hearing memorandum references the post-conviction relief statutes, it is questionable that the "constitutional error at trial" criterion of R.C. 2953.23(A)(1)(b) can be met where the defendant seeking PCR relief was convicted pursuant to a guilty plea, not as a result of a trial. *See, e.g., State v. Hamilton,* 10th Dist. Franklin No. 03AP–852, 2004–Ohio–3556, ¶ 4; *State v. Clark,* 5th Dist. Stark No. 2007 CA 00206, 2008–Ohio–194, ¶ 18.

**{¶27}.** We therefore hold the trial court did not err in declining to treat appellant's motion to withdraw guilty plea as a petition for post-conviction relief.

**{¶28}.** Appellant's Second Assignment of Error is overruled.

I., III.

**{¶29}.** In his First Assignment of Error, appellant contends the trial court erred in declining to conduct an evidentiary hearing on his motion to withdraw his 2010 guilty plea and vacate his conviction and sentence. In his Third Assignment of Error, appellant argues the trial court erred in failing to grant said motion. We disagree on both counts.

**{¶30}.** Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶31}.** Our review of the trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of that discretion, we must

determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus. A Crim.R. 32.1 motion is not a challenge to the validity of a conviction or sentence, and instead only focuses on the plea. *See Bush, supra,* at ¶13.

{¶32}. A hearing on a post-sentence motion to vacate a prior plea is not required unless the facts as alleged by the defendant, if accepted as true, would require the plea to be withdrawn. *See City of Uhrichsville v. Horne* (Dec. 26, 1996), Tuscarawas App. No. 96AP090059, 1996 WL 753208. Generally, a self-serving affidavit of the movant is insufficient to demonstrate manifest injustice. *See State v. Wilkey,* Muskingum App.No. CT2005-0050, 2006-Ohio-3276, ¶ 26.

<u>Age of Victim</u>

{¶33}. Appellant's first basis for withdrawal of his guilty plea centers on the age of M.B., the victim of the pornographic video which formed the basis of the charge of complicity in the illegal use of a minor in nudity oriented material. Attached to the motion to withdraw plea is an affidavit appearing to be executed by M.B. on October 24, 2012, in which she avers that the filming at issue happened after her eighteenth birthday, which took place in early 2008. Another affidavit, appearing to be executed by J.S., the older sister of M.B., also contains an averment that M.B. was over the age of eighteen when the video was made.

{¶34}. As noted in our statement of facts, M.B. originally notified law enforcement that she was seventeen years old at the time of the filming. This is confirmed by the date stamp on the video showing it was filmed on September 2, 2007, when the victim was seventeen. Appellant at one point in the investigation referred to M.B. as the "seventeen-year-old victim." Finally, we note M.B. did not allege in her affidavit that the State was mistaken as to her date of birth. The bill of information, to which appellant pled, contains a range of the dates of offense that remain consistent with M.B.'s date of birth and thus her age of seventeen at the time.

*Ineffective Assistance of Trial Counsel*

{¶35}. Appellant, via his own affidavit attached to the motion to withdraw his plea, also presented numerous allegations of ineffective assistance of trial counsel related to the entry of his plea. These included, inter alia, claims that his trial counsel: (1) failed to review the search warrant affidavit, obtain discovery, and investigate the age of the victim; (2) gave him erroneous information upon which he relied in pleading; (3) assured him he would only receive community control; (4) failed to advise him regarding property forfeiture; (5) failed to apprise him or inaccurately apprised him of the ramifications of a sex offender classification; (6) failed to inform him of additional restrictions stemming from his plea and conviction; (7) did not properly clarify the issue of additional potential charges by the prosecutor; (8) misled him regarding trial counsel's desire to run for a municipal judgeship; and (9) failed to advise him of his appellate rights.

{¶36}. The record before us contradicts a number of appellant's claims or, in the alternative, shows the trial court at multiple points ensured that appellant was informed of his rights. For example, appellant signed a waiver of rights and guilty plea form,

which sets forth that he would be placed on post release control for five years if he was sentenced to prison, and the trial court duly advised appellant of post-release control during the plea hearing. *See* Plea Hearing Tr. at 12. The trial court again advised appellant concerning post release control at sentencing. *See* Sentencing Transcript at 18-19. In regard to forfeiture, appellant was present with his trial counsel when the court was informed that "we are consenting to the forfeiture of the items on this list ***". Plea Hearing Tr. at 4. In regard to being advised of his right to appeal, appellant is correct that the trial court did not advise him as such. However, appellant was advised of his appeal rights in his signed guilty plea form. Furthermore, it appears likely that appellant opted for filing for judicial release in this matter at that time rather than pursuing an appeal.

### *Additional Claims*

{¶37}. Appellant also continues to urge that the trial court judge made his determinations based on "passion and prejudice" against him. Appellant's Brief at 17. However, as this issue has been redressed by the Ohio Supreme Court, we will not herein revive it.

{¶38}. Finally, appellant points out several claimed discrepancies or gaps in the pre-sentence investigation report, essentially using the PSI (which was not finalized until after the plea hearing) as a means of showing issues his trial counsel may have missed. We find none of these arguments persuasive under a "manifest injustice" standard. We further find no merit in appellant's speculative assertion that the trial court did not properly review the PSI in addressing the motion to withdraw plea.

<u>*Conclusion*</u>

**{¶39}.** Under the "manifest injustice" standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *State v. Aleshire,* Licking App.No. 09–CA–132, 2010–Ohio–2566, ¶ 60, citing *Smith, supra*, at 264. The length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a manifest injustice has occurred. *See State v. Copeland–Jackson,* Ashland App. No. 02COA018, 2003–Ohio–1043, ¶ 7. Furthermore, "*** if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" *State v. Peterseim* (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting *Kadwell v. United States* (C.A.9, 1963), 315 F.2d 667.

**{¶40}.** In its response brief, the State asserts that appellant entered a negotiated plea to the two fifth-degree felonies, even though the nudity-oriented material charge could have been brought as a second-degree felony. In the review of an attempt to withdraw any such negotiated plea after the fact, we must weigh any imperfections in the process against the possibility that the defendant is avoiding a much harsher result by resolving the case. We also bear in mind that the trial court is under a duty pursuant to Crim.R.11 to ensure that the plea comports with constitutional standards. *See State v. Stowers* (Jan. 31, 1985), Cuyahoga App.No. 48572, citing *State v. Billups* (1979), 57 Ohio St.2d 31, 385 N.E.2d 1308.

**{¶41}.** Upon review of the entirety of appellant's claims in support of his motion to withdraw plea, we are unpersuaded the trial court in the case sub judice abused its

discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea more than three years after the entry thereof, and we further find the trial court did not err or abuse its discretion in denying appellant's motion to withdraw plea without conducting an evidentiary hearing.

{¶42}. Appellant's First and Third Assignments of Error are therefore overruled.

{¶43}. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.