[Cite as *State v. Alexander*, 2014-Ohio-2351.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013 CA 00151 |
| | : | |
| MONDELL ALEXANDER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of Common Pleas, Case No. 2010 CR 1217


JUDGMENT:     AFFIRMED IN PART; REVERSED AND REMANDED IN PART


DATE OF JUDGMENT ENTRY:     May 27, 2014


APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

JOHN D. FERRERO                     MONDELL ALEXANDER, PRO SE
STARK COUNTY PROSECUTOR       Inmate No. 594-547
                                     M.C.I.
KATHLEEN O. TATARSKY           P.O. Box 57
110 Central Plaza South, Suite 510     Marion, OH 43301
Canton, Ohio 44702-1413

*Delaney, J.*

{¶1} Defendant-Appellant Mondell Alexander appeals the July 16, 2013 judgment entry of the Stark County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}  In 1990, Defendant-Appellant Mondell Alexander was convicted of rape, a first-degree felony. Alexander did not appeal his conviction or sentence. On August 31, 2004, the Alexander stipulated to the trial court's finding that he be classified as a sexual predator pursuant to R.C. 2950.09.

{¶3}  On September 17, 2010, the Stark County Grand Jury indicted Alexander on one count of failure to register a change of address, in violation of R.C. 2950.05(A)(E)(1), and on one count of periodic verification of current address, in violation of R.C. 2950.06(F). Alexander pleaded not guilty to the charges at his arraignment.

{¶4}  On October 18, 2010, Alexander appeared before the trial court and changed his plea to guilty. The Crim.R. 11(C) plea form notified Alexander he was subject to mandatory post-release control for a period of five years. The trial court accepted his plea and by judgment entry filed on October 22, 2010, the trial court sentenced Alexander to a prison term of four years on each count, to be served concurrently. At the sentencing hearing, the trial court failed to verbally inform Alexander of the mandatory period of post-release control. The judgment entry, however, stated that Alexander was ordered to serve a mandatory period of five years of post-release control on each count, also to be served concurrently. Alexander did not file a direct appeal of his sentence.

{¶5} The trial court allowed Alexander a two-week reprieve before he was to report to prison. During the two-week period, Alexander committed two aggravated robberies with a firearm. Alexander was indicted by the Stark County Grand Jury on two counts of aggravated robbery, first-degree felonies in violation of R.C. 2911.01(A)(1). Alexander pleaded guilty to the charges and the trial court sentenced Alexander to ten years in prison and notified Alexander he was subject to mandatory post-release control for five years. Alexander did not file a direct appeal of his sentence. On May 1, 2012, he filed a Motion for Sentencing and Leave to Withdraw Guilty Plea(s) with the trial court, arguing the trial court failed to give proper notification of post-release control during his plea hearing. The trial court denied the motions and Alexander appealed to this Court in *State v. Alexande*r, 5th Dist. Stark No. 2012CA00115, 2012-Ohio-4843. In *Alexander*, we affirmed the judgment of the trial court to deny the motion for sentencing and leave to withdraw guilty pleas because we found the trial court complied with Crim.R. 11(C)(2)(a) in informing Alexander of his post-release control during his plea hearing.

{¶6} On July 11, 2013, Alexander filed a Motion for Sentencing and Leave to Withdraw Guilty Plea arguing the trial court failed to notify him of mandatory post-release control at his plea hearing. On July 16, 2013, the trial court denied the motion because it found Alexander signed a Crim.R. 11(C) plea form, which informed Alexander of the five-year term of mandatory post-release control.

{¶7} It is from this decision Alexander now appeals.

**ASSIGNMENTS OF ERROR**

{¶8}   Alexander raises three Assignments of Error:

{¶9}   "I. WHETHER A COMPLETE FAILURE TO NOTIFY APPELLANT (AND THE PLEA COLLOQUY) WHAT A 'MANDATORY' (5) FIVE YEAR PERIOD OF POSTRELEASE CONTROL (INCLUDING THE CONSEQUENCES OF A VIOLATION OF A POSTRELEASE CONTROL SANCTION) IMPLICATES BOTH: CRIM.R. 11(C)(2)(A); AND THE 'ORAL PRONOUNCEMENT' REQUIREMENT OF: O.R.C. § 2929.19(B)(3)(E) THEREBY RENDERING THE RESULTING PLEA UNCONSTITUTIONAL.

{¶10} "II. WHETHER THE TRIAL COURT'S FAILURE TO ACCORD AN 'ALLIED OFFENSE DETERMINATION' PURSUANT TO: O.R.C. § 2941.25, PRIOR TO SENTENCING IMPLICATES DUE PROCESS AND WHETHER THAT 'PLAIN ERROR' WAS CURED BY ORDERING THE SENTENCES TO BE RAN [SIC] 'CONCURRENTLY' WITH ONE ANOTHER. SEE: STATE V. COLLINS, 2013 OHIO 3726 (OHIO APP. 8 DIST.), AT: HN6.

{¶11} "III. WHETHER THE RETROACTIVE APPLICATION OF MEGAN'S LAW, IN LIEU OF: O.R.C. § 2950. AS IT EXISTED AT THE TIME OF DEFENDANT'S CONVICTIONS, IMPLICATES THE STATE AND FEDERAL PROHIBITION AGAINST EX POST FACTO LAWS."

**ANALYSIS**

**I.**

{¶12} Alexander argues in his first Assignment of Error that the trial court erred in denying his motion for sentencing and leave to withdraw guilty plea. We agree in part.

*Motion to Withdraw Guilty Plea*

{¶13} Alexander argues he should be entitled to withdraw his guilty plea because the trial court failed to verbally inform him at his October 18, 2010 sentencing hearing of his mandatory five-years post-release control. A trial court's decision regarding a motion to withdraw a guilty plea is governed by Crim.R. 32.1. The rule states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Alexander has the burden to establish the existence of manifest injustice. Further, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Hoover*, 3rd Dist. Seneca No. 13-13-47, 2014-Ohio-1881, ¶16 quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶14} "Withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases." *State v. Perkins*, 2nd Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 30 quoting *State v. Sage*, 2nd Dist. Montgomery No. 25453, 2013–Ohio–3048, at ¶ 16, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "The postsentence 'manifest injustice' standard is aimed at cases where a defendant pleads guilty without knowing what his sentence will be, finds out that his sentence is worse than he had hoped and expected, and then seeks to vacate his plea." *Perkins*, at ¶30 quoting *State v. Fugate*, 2nd Dist. Montgomery No. 21574, 2007-Ohio-26, ¶ 13.

{¶15} We review the trial court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard of review. *State v. Pepper*, 5th Dist. Ashland No.

13 COA 019, 2014-Ohio-364, ¶31 citing *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Pepper*, 2014-Ohio-364, ¶ 31 quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶16} We cannot find that manifest injustice occurred by the trial court's failure to verbally notify Alexander of post-release control. First, Alexander was notified of the mandatory five-years of post-release control through the Crim.R. 11(C) plea form. Alexander signed the plea form. Second, Alexander waited approximately two years to file his motion to withdraw his guilty plea. We find no abuse of discretion for the trial court to deny Alexander's motion to withdraw his guilty plea.

*Motion for Sentencing*

{¶17} Alexander also filed a motion for sentencing. As stated above, Alexander contends and the State concedes the trial court did not verbally inform Alexander that he was subject to mandatory post-release control as part of his sentence during his October 18, 2010 sentencing hearing.

{¶18} Alexander was found guilty of two first-degree felonies, which require a period of five-years mandatory post-release control. R.C. 2967.28(B)(1). R.C. 2929.19(B)(2)(c) states that at the sentencing hearing, the trial court shall, "[n]otify the

offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree * * *."

{¶19} "A sentence that does not include the statutorily mandated term of post release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, paragraph one of the syllabus.

{¶20} While the trial court did include mandatory post-release control information in its written sentencing entry, it is uncontested that Alexander was not verbally informed of these provisions at his sentencing hearing. After July 11, 2006, pursuant to R.C. 2929.191, the trial court's omission of post-release control information during the sentencing hearing may be remedied as follows:

On and after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court

may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

R.C. 2929.191(C).

{¶21} A trial court may correct its omission to inform a defendant about post-release control sanctions by complying with R.C. 2929.191 and issuing a corrected sentence. However, in cases like the one before us where no corrected entry is necessary, only a hearing is required. *State v. Freeman*, 7th Dist. Mahoning No. 12 MA 112, 2014-Ohio-1013, ¶ 26 citing *State v. Adams*, 7th Dist. Mahoning No. 11 MA 65, 2012–Ohio–432; *State v. Singleton*, 124 Ohio St.3d 173, 2009–Ohio–6434, 920 N.E.2d 958.

{¶22} Because the trial court did not verbally inform Alexander of mandatory post-release control sanctions at sentencing, his first Assignment of Error has merit in part. Alexander is entitled to a new limited sentencing hearing during which the court will explain the mandatory period of post-release control included in his sentence. Appellant's first Assignment of Error is sustained in part and the matter is remanded to the trial court for the limited purpose of holding a sentencing hearing to address Alexander in regards to his post-release control sanctions.

**II.**

{¶23} Alexander argues in his second Assignment of Error that the trial court erred when it did not conduct an allied offense analysis of his convictions for violations of R.C. 2950.05(A)(E)(1) and R.C. 2950.06(F).

{¶24} Alexander did not file a direct appeal of his convictions and sentences for violations of R.C. 2950.05(A)(E)(1) and R.C. 2950.06(F). "In *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus states:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 17.

{¶25} Alexander's argument regarding allied offenses could have been raised on direct appeal from the trial court's sentencing entry, and res judicata applies even though Alexander never pursued a direct appeal. *State v. Jones*, 5th Dist. Richland No. 12CA22, 2012-Ohio-4957, ¶ 23 citing *State v. Barfield*, 6th Dist. Nos. L–06–1262, L–06–1263, 2007–Ohio–1037, ¶ 6.

{¶26} Alexander's second Assignment of Error is overruled.

### III.

{¶27} Alexander argues in his third Assignment of Error that the retroactive application of Megan's Law to designate Alexander as a sexual predator implicates state and federal prohibitions against ex post facto law. Alexander was convicted of rape in 1990. On August 31, 2004, Alexander waived his right to a hearing and stipulated to a finding that he be classified as a sexual predator.

{¶28} Alexander did not file a direct appeal of his convictions and sentences, nor did he directly challenge his classification as a sexual predator. We find that Alexander's claims are barred by res judicata.

{¶29} Even if Alexander's claim was not barred by res judicata, his argument still fails as a matter of law. "While there has been some confusion in recent years regarding the constitutionality of the amended sex offender registration law under the Adam Walsh Act, *see State v. Bodyke,* 126 Ohio St.3d 266, 933 N.E.2d 753, 2010–Ohio–2424, the Ohio Supreme Court has consistently held that the pre-Adam Walsh Act versions of R.C. Chapter 2950 applicable here 'are remedial, not punitive, and that retroactive application of them does not violate the Ohio or United States Constitutions.' *State v. Lay,* 2d Dist. Champaign No.2012–CA–7, 2012–Ohio–4447, ¶ 7; *State v. Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570 (1998), paragraph one of the syllabus. The same is true regarding the numerous challenges invoking the Ex Post Facto Clause as found in the United States Constitution. *See Cook* at paragraph two of the syllabus; *see also Smallwood v. State,* 12th Dist. Butler No. CA2011–02–021, 2011–Ohio–3910, ¶ 21; *State v. Wilson,* 5th Dist. Stark No. 2011 CA 00266, 2012–Ohio–2164, ¶ 9." *State v. Elder*, 12th Dist. Butler No. CA2013-01-008, 2013-Ohio-3574, ¶8.

{¶30} Alexander's third Assignment of Error is overruled.

## CONCLUSION

{¶31} The judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part to conduct a hearing pursuant to R.C. 2929.191.

By: Delaney, J.,

Hoffman, P.J. and

Wise, J., concur.