[Cite as *State v. Blaine-Smith*, 2016-Ohio-4832.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RALPH BLAINE SMITH | : | Case No. 15-CA-46 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2000 CR 0071




JUDGMENT:                        Affirmed




DATE OF JUDGMENT:                July 5, 2016




APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ANDREA K. GREEN                      ANDREW T. SANDERSON
239 West Main Street                 738 East Main Street
Suite 101                            Lancaster, OH  43130
Lancaster, OH  43130

*Farmer, P.J.*

{¶1}   On March 17, 2000, the Fairfield County Grand Jury indicted appellant, Ralph Blaine Smith, on two counts of aggravated burglary in violation of R.C. 2911.11(A)(1) and (2), three counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (3), two counts of kidnapping in violation of R.C. 2905.01(A), and one count of theft in violation of R.C. 2913.02.  All counts except the theft count included firearm specifications.

{¶2}   A jury trial commenced on August 8, 2000.  The jury found appellant guilty as charged.  By judgment entry filed September 19, 2000, the trial court imposed maximum consecutive sentences, resulting in a total term of sixty-one years, to be served consecutively to a six year term for the firearm specifications.  Appellant filed an appeal to this court, raising six assignments of error, including challenges to his sentence.  We affirmed appellant's convictions and sentence.  *See State v. Smith,* 5th Dist. Fairfield No. 00-CA-63, 2001-Ohio-1952 (hereinafter *"Smith I"*).

{¶3}   On June 19, 2008, appellant filed a petition to vacate or set aside judgment of conviction or sentence, challenging the indictment and claiming structural error.  By entry filed October 23, 2008, the trial court denied the petition, finding the filing was a petition for postconviction relief and was untimely filed.

{¶4}   On November 12, 2013, appellant filed a motion to vacate a void sentence, claiming failure to merge allied offenses, failure to make required findings before imposing more than the minimum sentences in violation of R.C. 2929.14(B), failure to properly sentence him on the firearm specifications, and failure to notify him of and properly impose postrelease control.  By entry filed February 12, 2014, the trial court denied the

motion, finding the motion to be an untimely motion for postconviction relief and finding all issues raised therein to be barred by the doctrine of res judicata. Appellant appealed, again challenging his sentence. We affirmed appellant's sentence, finding the arguments therein to be barred by res judicata, but remanded the matter to the trial court for a hearing to verbally notify appellant of postrelease control. *See State v. Smith,* 5th Dist. Fairfield No. 14-CA-18, 2014-Ohio-4657 (hereinafter *"Smith II"*).

{¶5} Upon remand, the trial court held a resentencing hearing on July 13, 2015. Appellant requested an opportunity to argue the merits of his maximum consecutive sentence. The trial court overruled appellant's request and verbally notified him of postrelease control. By judgment entry filed July 30, 2015, the trial court sentenced appellant to the original 2000 sentence.

{¶6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶7} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO GRANT THE DEFENDANT-APPELLANT LEAVE TO ADDRESS ISSUES RELATED TO HIS SENTENCING IN CONNECTION WITH THE JULY 13, 2015 HEARING."

II

{¶8} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING MR. BLAINE-SMITH TO A TERM OF POST-RELEASE CONTROL."

III

{¶9} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN RESENTENCING THE DEFENDANT-APPELLANT IN CONNECTION WITH THE JULY 13, 2015 HEARING."

IV

{¶10} "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS HEREIN."

I, II, III

{¶11} Appellant claims the trial court erred in denying him the opportunity to address his maximum consecutive sentence during the July 13, 2015 resentencing hearing, erred in imposing postrelease control, and erred in imposing the original 2000 sentence.  We disagree.

{¶12}  On two occasions, appellant asked this court to review his sentence.  *See Smith I and II.*  This court affirmed appellant's maximum consecutive sentence in *Smith I,* and found the arguments raised in *Smith II* regarding his sentence to be res judicata. However, we agreed with appellant's challenge to the imposition of his postrelease control in *Smith II* at ¶ 23, 25-26, and remanded the matter to the trial court as follows:

Although the sentencing entry recites that appellant was informed of postrelease control, the transcript of the sentencing hearing reflects that the trial court failed to inform appellant of postrelease control.  A trial court may correct its omission to inform a defendant about post-release control sanctions by complying with R.C. 2929.191 and issuing a corrected

sentence. *State v. Alexander,* 5th Dist. Stark No. 13-CA-151, 2014-Ohio-2351, ¶ 21. However, in cases where no corrected entry is necessary, only a hearing is required. *Id.*

Because the trial court did not verbally inform appellant of mandatory postrelease control sanctions at sentencing, his third assignment of error is sustained in part and overruled in part. Appellant is entitled to a new limited sentencing hearing during which the court will explain the mandatory period of postrelease control included in his sentence.

This matter is remanded to the trial court for the limited purpose of holding a sentencing hearing to address appellant in regards to his postrelease control sanction. As to all other issues, the judgment is affirmed.

{¶13} During the resentencing hearing, the trial court verbally notified appellant of postrelease control as directed by this court. July 13, 2015 T. at 8-9. The verbal notification was proper. Because the remand instructed the trial court to conduct a limited hearing to verbally inform appellant of postrelease control, the trial court was not at liberty to entertain any of appellant's arguments relative to his maximum consecutive sentence. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus ("[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control"); *State v. Alexander,* 5th Dist. Stark No. 13-CA-151, 2014-Ohio-2351.

{¶14} Any arguments in this appeal relative to the imposition of the original 2000 sentence as to maximum consecutive terms are again barred by the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175 (1967); *Fischer* at paragraph three of the syllabus ("[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence").

{¶15} In his appellate brief at 8, appellant makes the specious argument: "In failing to ever raise this issue [postrelease control] over the last several years, it must be concluded that the government has 'waived' the ability to NOW raise this issue," and therefore the issue is barred by res judicata. We note it was APPELLANT, in *Smith II,* that raised the issue and contested the imposition of postrelease control. This court reviewed appellant's postrelease control as requested and remanded the matter for correction prior to the completion of his sentence. *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462. Appellant's attempt to now advance a circular argument of res judicata lacks any merit.

{¶16} Appellant also argues the imposition of postrelease control is a constitutional violation under cruel and unusual punishments. "The post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime, as in bad time." *Woods v. Telb,* 89 Ohio St.3d 504, 512, 2000-Ohio-171. Appellant was well aware of postrelease control as it was included in the original 2000 judgment entry. The trial court verbally notified appellant of postrelease control in accordance with Ohio law as directed by this court's limited remand.

{¶17} In addition, as to the arguments on res judicata and cruel and unusual punishment, we concur with this court's well-reasoned opinion in *State v. Burley,* 5th Dist. Licking No. 09-CA-136, 2010-Ohio-4840.

{¶18} Upon review, we find the trial court did not err as argued by appellant.

{¶19} Assignments of Error I, II, and III are denied.

IV

{¶20} Appellant claims he was denied the effective assistance of counsel. We disagree.

{¶21} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶22}  In his appellate brief at 14, appellant argues "the failure of his attorneys to raise issue with respect to his sentence either at the time of the original hearing or on his direct appeal."  Appellant argues his attorneys failed to contest the consecutive nature of the sentences, double jeopardy, allied offenses, and the length of his sentence.

{¶23}  All of these arguments under the guise of ineffective assistance of counsel are barred by the doctrine of res judicata as they could have been raised on direct appeal. Nevertheless, we note during the original sentencing hearing, trial counsel raised the issue of merger of offenses.  September 12, 2000 T. at 6-7, 13-15.  And *Smith I* clearly establishes appellant's appellate counsel raised the maximum consecutive nature of his sentence on direct appeal (Assignment of Error III), as well as the allied offenses/merger issue (Assignment of Error IV).

{¶24}  During the resentencing hearing, trial counsel argued for the opportunity to address all of these issues again, and the trial court properly overruled the request as noted above.  July 13, 2015 T. at 4-5.

{¶25}  Upon review, we do not find any indication of ineffective assistance of counsel as argued by appellant.

{¶26}  Assignment of Error IV is denied.

{¶27} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

SGF/sg 624