[Cite as *State v. Green*, 2011-Ohio-5611.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE STATE OF OHIO, | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Appellee, | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| v. | Case No. 2011 CA 00127 |
| MARCUS ANTWAN GREEN, | |
| Appellant. | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common
Pleas, Case No. 2000 CR 00890(A)


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    October 31, 2011


APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JOHN D. FERRERO    MARCUS A. GREEN
PROSECUTING ATTORNEY    PRO SE
RONALD MARK CALDWELL    GRAFTON CORR. INSTITUTION
ASSISTANT PROSECUTOR    2500 South Avon-Beldon Road
110 Central Plaza South, Suite 510    Grafton, Ohio 44044
Canton, Ohio 44702-1413

*Wise, J.*

{¶ 1}  Appellant Marcus A. Green appeals the May 5, 2011, decision of the Stark County Court of Common Pleas denying his motion to rescind his plea agreement.

{¶ 2}  Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶ 3}  On September 1, 2000, the Stark County Grand Jury indicted Appellant, Marcus Green, on one count of murder with a firearm specification in violation of R.C. §2903.02 and R.C. §2941.145, and one count of tampering with evidence in violation of R.C. §2921.12.  Thereafter, the murder count was reduced to involuntary manslaughter in violation of R.C. §2903.04.

{¶ 4}  On November 3, 2000, Appellant pled guilty to both counts.  By judgment entry filed November 8, 2000, the trial court sentenced Appellant to a total term of seventeen years in prison.

{¶ 5}  On June 16, 2010, Appellant filed a motion to withdraw his guilty pleas and a motion to correct a void sentence and request for resentencing based upon a defect in the imposition of post-release control.  By judgment entries filed July 6, 2010, the trial court denied both motions.

{¶ 6}  Appellant filed an appeal with this Court, raising the following two assignments of error:

{¶ 7}  "The trial court erred by dismissing Defendant-Appellant's motion to correct a void sentence and request for resentencing, where the trial court incorrectly stated, at Defendant-Appellant's change of plea and sentencing hearing and recorded in

the judgment entry that post-release control was a discretionary period of up to a maximum of 5 years contrary to the provisions of R.C. 2967.28."

{¶ 8} "II. The trial court erred in dismissing Defendant-Appellant's motion to withdraw guilty plea where the negotiated plea agreement was rendered null and void, as the agreed sentence as stated in the negotiated plea agreement terms and conditions was unauthorized by law and the sentence imposed by the trial court was outside of the terms and conditions, as well as being unauthorized by law, in itself. The plea agreement would be unenforceable and in violation of Defendant-Appellant's rights of Due Process and Equal Protection under the Sixth and Fourteenth Amendments to the United States Constitution."

{¶ 9} By Opinion and Entry filed March 31, 2011, this Court sustained Appellant's first assignment of error, finding that Appellant was entitled to a de novo sentencing hearing as mandated in *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, but noted that the new sentencing hearing was limited to proper imposition of post-release control.

{¶ 10} This Court overruled Appellant's second assignment of error, finding:

{¶ 11} "Appellant had not demonstrated that but for the trial court's error, he would not have entered the guilty plea and gone to trial instead. Appellant has not shown "a prejudicial effect." We do not find a manifest injustice mandating a withdrawal of Appellant's guilty plea.

{¶ 12} "Upon review, we find the trial court did not abuse its discretion in denying Appellant's Crim.R. 32.1 motion to withdraw his guilty plea."

{¶ 13} On May 2, 2011, Appellant filed a Motion to Rescind Plea Agreement.

{¶ 14} By Judgment Entry filed May 5, 2011, the trial court denied Appellant's Motion to Rescind Plea Agreement.

{¶ 15} On May 23, 2011, with Appellant present, the trial court re-sentenced Appellant on post-release control pursuant to this Court's order and *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. (See Judgment Entry, June 2, 2011).

{¶ 16} Appellant now appeals, assigning the following errors for review:

**<u>ASSIGNMENT OF ERROR</u>**

{¶ 17} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S REQUEST TO RESCIND THE PLEA AGREEMENT, IN CASE NO. 2000CR0890A, BETWEEN THE STATE OF OHIO AND MARCUS A. GREEN ENTERED INTO ON NOVEMBER 3, 2000, WHERE:

{¶ 18} "1) THE PLEA AGREEMENT WAS BASED UPON AN UNFULFILLABLE PROMISE OF A SENTENCE THAT WAS CONTRARY TO LAW, CONTAINING NO PROVISION FOR POST RELEASE CONTROL;

{¶ 19} "2) THE SOLE TERMS AND CONDITIONS, OF THE PLEA AGREEMENT, AS OUTLINED AND AGREED TO, WERE MATERIALLY BREACHED BY THE STATE OF OHIO;

{¶ 20} "3) THE PLEA AGREEMENT LIIEGALLY [SIC] INDUCED A WAIVER OF DEFENDANT'S CONSTITUTIONALLY GUARANTEED RIGHTS.

{¶ 21} "II. THE TRIAL COURT ERRED IN CONSIDERING AND DENYING, WITHOUT HEARING, THE MOTION TO RESCIND THE PLEA AGREEMENT, WHERE JUDGE FRANCES FORSHIONE [SIC] HAD PREVIOUSLY REPRESENTED THE

STATE OF OHIO, AT THE PRELIMINARY HEARING, AS PROSECUTING ATTORNEY."

**I.**

{¶ 22} In his first assignment of error, Appellant claims that the trial court erred in denying his motion to rescind the plea agreement. We disagree.

{¶ 23} Upon review, we find that Appellant's motion to rescind the plea agreement is nothing more than a motion to withdraw his guilty plea, which this Court addressed and overruled in Appellant's prior appeal.

{¶ 24} Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶ 25} Numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. See *State v. Brown,* Cuyahoga App. No. 84322, 2004-Ohio-6421 (determining that a Crim.R. 32.1 motion will be denied when it asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion); *State v. McLeod,* Tuscarawas App. No. 2004 AP 03 0017, 2004-Ohio-6199 (holding res judicata barred current challenge to a denial of a motion to withdraw because the issues could have been raised in a defendant's initial motion to withdraw); *State v. Vincent,* Ross App. No. 03CA2713, 2003-Ohio-3998 (finding res judicata barred defendant from raising issues that could have been raised in a prior motion for new trial or Crim.R. 32.1 motion); *State v. Reynolds,* Putnam App. No. 12-01-11, 2002-Ohio2823 (finding that the doctrine of res judicata applies to successive motions filed under

Crim.R. 32 .1); *State v. Unger,* Adams App. No. 00CA705, 2001-Ohio-2397 (concluding that the defendant's Crim.R. 32.1 motion was barred by res judicata because she had previously filed a motion to withdraw her guilty plea that she did not appeal prior to filing the second motion to withdraw guilty plea); *State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98-T-0182 (res judicata applies to successive motions to withdraw a guilty plea filed pursuant to Crim.R. 32.1). As succinctly stated in *State v. Kent,* Jackson App. No. 02CA21, 2003-Ohio-6156: 'Res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post conviction relief petition or motion to withdraw a guilty plea.'" *Sneed* at ¶ 17.

{¶ 26} In Appellant's prior appeal, this Court considered the same claims that Appellant raised in his motion to rescind his plea agreement. This Court rejected such arguments. We therefore find Appellant's argument is barred under the doctrine of res judicata.

{¶ 27} Appellant's first assignment of error is overruled.

**II**.

{¶ 28} In his second assignment of error, Appellant claims that the trial court should have granted his motion to rescind his plea agreement because Judge Forchione was the prosecutor at the preliminary hearing in August, 2000.[1] We disagree.

---

1 On August 15, 2011, Appellant filed a motion for disqualification with the Ohio Supreme Court, Case No. 11AP084. As of this date, no action has been taken on said motion. We note, however, that Appellant's case has been transferred from Judge Forchione to Judge Taryn L. Heath.

**{¶ 29}** A review of the record below, however, reveals that Appellant failed to raise this issue at the trial court level and argues it for the first time on appeal. We find that Appellant therefore has waived review of this issue by failing to raise it at the trial level. See *State v. Awan* (1986), 22 Ohio St.3d 120, at syllabus, wherein the court held that failure to raise the issue of the constitutionality of a statute's application at the trial court level constitutes a waiver of such issue.

**{¶ 30}** Further, this issue is also barred by the doctrine of res judicata as this issue could also have been raised in Appellant's prior appeal.

**{¶ 31}** Appellant's second assignment of error is overruled.

**{¶ 32}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE STATE OF OHIO,                        :
                                          :
     Appellee,                           :
                                          :
v.                                        :          JUDGMENT ENTRY
                                          :
MARCUS ANTWAN GREEN,                      :
                                          :
     Appellant.                          :          Case No. 2011 CA 00127


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


                              _____


                              _____


                              _____

                                          JUDGES