[Cite as *State v. Hoover*, 2014-Ohio-1881.]


# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  13-13-47

      v.

SETH D. HOOVER,                        O P I N I O N

      DEFENDANT-APPELLANT.


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  13-13-48

      v.

SETH D. HOOVER,                        O P I N I O N

      DEFENDANT-APPELLANT.


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO.  13-13-49

      v.

SETH D. HOOVER,                        O P I N I O N

      DEFENDANT-APPELLANT.

Case No. 13-13-47, 13-13-48, 13-13-49

**Appeals from Seneca County Common Pleas Court**
**Trial Court Nos. 09-CR-0180, 09-CR-0202 and 09-CR-0203**

**Judgments Affirmed**

**Date of Decision:    May 5, 2014**

**APPEARANCES:**

*Seth D. Hoover,* **Appellant**

*Angela M. Boes*  **for Appellee**

**ROGERS, J.**

{**¶1**} Defendant-Appellant, Seth Hoover, appeals the judgment of the Court of Common Pleas of Seneca County denying his motion to vacate a void and unenforceable negotiated plea bargain agreement and sentence.   On appeal, Hoover argues the trial court erred in denying his motion and by failing to correct the language in his plea agreement regarding the imposition of five years of post-release control.   Hoover also contends that he was denied effective assistance of counsel.   For the reasons that follow, we affirm the trial court's judgment.

{¶2} This matter implicates three separate prosecutions, 09CR0180, 09CR0202, and 09CR0203. We will discuss the procedural history of 09CR180 separately, and the procedural histories of 09CR0202 and 09CR0203 together.

*09CR0180*

{¶3} On August 26, 2009, the Seneca County Grand Jury indicted Hoover on one count of trafficking in heroin in violation of R.C. 2925.03(A)(2),(C)(6)(d), a felony of the second degree in Case 09CR0180.

{¶4} On May 3, 2010, Hoover pled guilty to the trafficking in heroin charge in 09CR180. At the change of plea hearing, the trial court advised Hoover that the maximum penalty was eight years in prison. The trial court also advised Hoover that he was subject to a mandatory five-year term of post-release control. Hoover then signed the written plea agreement, which also stated that Hoover was subject to a maximum term of five years of post-release control, in open court. (09CR0180 Docket No. 104, p. 1-2). Before the trial court found that Hoover's plea was knowingly, voluntarily, and intelligently made, Hoover stated that he was satisfied with his attorney.

*09CR0202 & 09CR0203*

{¶5} In 09CR0202, the Seneca County Grand Jury indicted Hoover on September 15, 2009, with four counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), felonies of the fifth degree; two counts of trafficking in

cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(c), felonies of the fourth degree; and one count of trafficking in cocaine with the specification that Hoover committed the offense in the vicinity of a school, in violation of R.C. 2925.03(A)(1), (C)(4)(c), a felony of the third degree. That same day, the Seneca County Grand Jury also indicted Hoover on one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(2), (C)(4)(d), a felony of the second degree, in Case 09CR0203.

**{¶6}** Both parties assert that on April 14, 2010, Hoover pled guilty in case 09CR0202 to all seven counts in his indictment and also pled guilty to the lesser included offense of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(2), (C)(4)(c), a felony of the third degree, in case 09CR0203.[1] Hoover also executed a written plea agreement, which was filed on April 15, 2010. The written plea agreement advised Hoover of the possible maximum sentences for each count to which he pled guilty. The written plea agreement also stated, "a period of post-release control or supervision by the Adult Parole Authority after release from prison is mandatory in this case. The post-release control period is a maximum term of 5 years." (09CR0202 Docket No. 64, p. 2; 09CR0203 Docket No. 67, p. 2).

---

[1] A transcript of the April 14, 2010 change of plea hearing was not filed with this court or made part of the record. An appellant has a duty to ensure that the record necessary to evaluate the assignment of error is filed with the appellate court. Where an appellant fails to include a necessary portion of the record, we must presume regularity in the trial court's proceedings. *State v. West*, 3d Dist. Auglaize No. 2-06-04, 2006-Ohio-5834, ¶ 53; *see also State v. Williams*, 73 Ohio St.3d 153, 160-161 (1995); App.R. 9(B).

*Sentencing Hearing*

**{¶7}** Hoover was sentenced in all three cases on May 3, 2010. As a result of his plea agreement, the State recommended to the trial court that Hoover receive a four-year prison sentence in case 09CR0180 and a four-year prison sentence in case 09CR0203. The State also recommend that in case 09CR0202 Hoover receive a 12-month prison sentence for counts one, two, four, and five; an 18-month prison sentence for counts three and six; and a two-year prison term for count seven. The State recommended that all counts in 09CR0202 should run concurrent with each other, but consecutive to the prison sentences in 09CR0180 and 09CR0203, for a total prison term of 10 years.

**{¶8}** The trial court adopted the State's recommendation and sentenced Hoover to 10 years in prison. The trial court also stated that "[Hoover] has been notified that post release control is mandatory in this case up to five years * * *." Sentencing Hearing Tr., p. 18.

**{¶9}** On July 28, 2010, the trial court resentenced Hoover in order to correctly notify Hoover of his post-release control sanction in all three cases. In 09CR0180, Hoover was notified that he was subject to a mandatory three-year term of post-release control. Further, in cases 09CR0202 and 09CR0203, Hoover was advised that post-release control was optional for up to three years. A journal

entry reflecting the corrected sentence was filed on July 29, 2010. Hoover did not appeal this judgment.

{¶10} On August 14, 2013, Hoover filed a motion to "vacate void unenforceable negotiated plea bargain agreement and sentence" in cases 09CR0180, 09CR0202, and 09CR0203. In his motion, Hoover argued that his plea agreement was based upon a mutual mistake of the law and thus, his plea agreement should be vacated. Hoover also argued that he was denied effective assistance of counsel.

{¶11} On September 20, 2013, the trial court issued a judgment entry that denied Hoover's motion. The court found that the Hoover could not show that the mistake in the written plea agreement had a material effect on the agreed exchange of performances. Further, the trial court found that Hoover benefited from the mistake, as Hoover was subject to a lesser period of post-release control than he originally agreed to in the written plea agreement. As such, Hoover failed to show that he was adversely affected.

{¶12} Hoover timely appealed this judgment, presenting the following assignments of error for our review.

### *Assignment of Error No. I*

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE VOID UNENFORCEABLE NEGOTIATED PLEA AGREEMENT AND SENTENCE PURSUANT TO THE**

**DOCTRINE OF MUTUAL MISTAKE OF LAW IN CONTRAT LAW.**

*Assignment of Error No. II*

**APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA BARGAINING PROCESS, THE SENTENCING PROCESS, AND THE RESENTENCING PROCESS.**

*Assignment of Error No. III*

**THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHERE IT FAILED TO CORRECT THE LANGUAGE IN THE PLEA AGREEMENT CONTRACT REGARDING THE 5-YEAR PRC IMPOSITION.**

*Assignment of Error No. I*

{¶13} In his first assignment of error, Hoover argues that the trial court erred in denying his motion to vacate void unenforceable negotiated plea bargain agreement and sentence. We disagree.

{¶14} Initially, we must note that we are uncertain as to the type of relief that Hoover is requesting. "Regardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action." *Lingo v. State*, --Ohio St.3d--, 2014-Ohio-1052, ¶ 38. In his brief, Hoover asks the court to "rescind/void the [plea agreement]." Appellant's Br., p. 4. Thus, it appears that Hoover is asking this court to restore him to his original position as if the plea agreement had never been executed. In essence, he appears to be asking to withdraw his guilty pleas because he did not knowingly and

intelligently enter into the plea agreement due to the "mutual mistake" regarding the length of his post-release control. *See State v. Green*, 5th Dist. Stark No. 2011 CA 00127, 2011-Ohio-5611, ¶ 23 (finding that appellant's "motion to rescind the plea agreement [was] nothing more than a motion to withdraw his guilty plea").

{¶15} Appellate review of a trial court's denial of a motion to withdraw a guilty plea pursuant to Crim.R. 32.1 is for an abuse of discretion. *State v. Coats*, 3d Dist. Mercer Nos. 10-09-04, 10-09-05, 2009-Ohio-3534, ¶ 13. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Nagle*, 11th Dist. Lake No. 99-L-089, 2000 WL 777835 (Jun. 16, 2000), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.*

{¶16} Crim.R. 32.1 provides that, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus, Hoover has the burden of establishing the existence of manifest injustice. Further, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely

affecting the credibility of the movant and militating against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph three of the syllabus.

{¶17} In the case sub judice, Hoover was properly notified of his prison sentence and that post-release control was mandatory. However, Hoover was misinformed at his original sentencing hearing and in his written plea agreements as to the length of his post-release control. Instead of receiving a mandatory five-year term of post-release control, Hoover was only subject to three years of post-release control. When this mistake was discovered, Hoover was resentenced and a new sentencing entry reflecting the imposition of a three-year term of post-release control was filed.[2] Hoover then waited over three years to file a motion to vacate the allegedly void plea agreement.

{¶18} We cannot find that there was manifest injustice for two reasons. First, Hoover negotiated for a particular plea in order to plead guilty to a lesser included charge in 09CR0203 and also for the State's rather lenient sentence recommendation. The State did not ask the trial court for the maximum prison sentence in any of Hoover's cases and also asked the court to impose concurrent, not consecutive, sentences in 09CR0202. It is not evident from the record that

---

[2] From the caption of Hoover's motion, he seems to argue that the trial court's sentence is also void due to the defects in the plea agreements. However, the trial court's most recent sentencing entry imposed the three-year term of post-release control, and thus, the sentencing entry is not void. *See State v. Sage*, 2d Dist. Montgomery No. 25453, 2013-Ohio-3048, ¶ 25.

Hoover was induced into entering into the plea agreement because of the length of post-release control. Further, Hoover received the benefit of the mutual mistake: he was subject to a lesser period of post-release control. It is illogical to think, and Hoover does not argue, that he would not have entered into the plea agreement had he been aware of the actual, lesser term of post-release control. Second, Hoover waited over three years to file his motion to withdraw his guilty plea. Therefore, we cannot say that manifest injustice would occur if his pleas were allowed to stand.

{¶19} Even if Hoover was, in fact, not arguing to withdraw his guilty plea, we would still find Hoover's arguments meritless. His motion would be an untimely petition for post-conviction relief, as it was not filed within the 180-day time limitation prescribed in R.C. 2953.21(A)(2). Further, Hoover's argument would also be barred by res judicata, as he could have raised this issue on direct appeal.

{¶20} Accordingly, we overrule Hoover's first assignment of error.

*Assignment of Error No. II*

{¶21} In his second assignment of error, Hoover contends that he was denied effective assistance of counsel during his change of plea hearings, sentencing hearing, and resentencing hearing. We disagree.

{¶22} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of syllabus. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different." *Id.* at paragraph three of syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *State v. Waddy*, 63 Ohio St.3d 424, 433 (1992), *superseded by constitutional amendment on other grounds as recognized by State v. Smith*, 80 Ohio St.3d 89, 103, 1997-Ohio-355.

{¶23} Even if we were to assume that Hoover's trial counsel was deficient in his failure to catch the error in the length of post-release control, Hoover cannot prove prejudice. For the reasons noted above, the likelihood that the result of the plea hearing would have been different had Hoover been advised that he was only subject to a period of three, not five, years of post-release control is negligible. Thus, we cannot find that there is a reasonable probability that the result of the plea hearing would have been different.

{¶24} Accordingly, Hoover's second assignment of error is overruled.

*Assignment of Error No. III*

**{¶25}** In his third assignment of error, Hoover argues that the trial court abused its discretion and erred as a matter of law when it failed to correct the language found in the written plea agreement regarding the imposition of five-year term of post-release control.

**{¶26}** This assignment of error is not properly before this court since this matter does not relate to the judgment from which Hoover appeals. The judgment from which Hoover appeals only concerns the denial of his motion to vacate void unenforceable negotiated plea bargain agreement and sentence, and his assertion that he was denied effective assistance of counsel. As such, we overrule Hoover's third assignment of error.

**{¶27}** Having found no error prejudicial to Hoover in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**WILLAMOWSI, P.J. and SHAW, J., concur.**

**/jlr**