[Cite as *State v. Devore*, 2015-Ohio-3599.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMES DEVORE | : | Case No. 15CA22 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Richland County
Court of Common Pleas, Case No.
2013 CR 0237


JUDGMENT: Affirmed


DATE OF JUDGMENT: September 2, 2015


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BAMBI COUCH-PAGE                          JAMES DEVORE, pro se
Richland County Prosecutor                P.O. Box 540
38 South Park Street                      St. Clairsville, OH  43950
Mansfield, OH 44902

*Baldwin, J.*

{¶1} Defendant-appellant James Devore appeals from the March 4, 2015 Order of the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 10, 2013, the Richland County Grand Jury indicted appellant on three counts of menacing by stalking in violation of R.C. 2903.211(A)(1)(b), felonies of the fourth degree, two counts of retaliation in violation of R.C. 2921.05(B), felonies of the fifth degree, one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree, and two counts of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility in violation of R.C. 2921.36(A)(2), felonies of the third degree. Appellant also was indicted on three counts of intimidation of an attorney, victim or witness in a criminal case in violation of R.C. 2921.04(B)(2), felonies of the  third degree, two count of tampering with evidence in violation of R.C. 2921.12(A)(1), felonies of the third degree, and two counts of obstructing justice in violation of R.C. 2921.32(A)(4)-(6), felonies of the fifth degree. At his arraignment on May 21, 2013, appellant entered a plea of not guilty to the charges.

{¶3} On August 5, 2013, appellant pleaded guilty to one count of each offense. The remaining charges were dismissed.  Pursuant to a Sentencing Entry filed on August 7, 2013, appellant was sentenced to an aggregate prison sentence of 84 months  (7 years) and ordered to pay restitution.

{¶4} Appellant, on September 3, 2013, filed a Motion to Withdraw Plea.  An Order overruling his motion was filed on September 24, 2013.

{¶5} On December 9, 2013, appellant filed a Notice of Appeal in Case No. 13CA109 from the trial court's August 7, 2013 Sentencing Entry and filed a Motion for Delayed Appeal. Appellant's motion was denied and his appeal was dismissed on January 21, 2014.

{¶6} Appellant, on January 30, 2014, filed a Petition for Post Conviction Relief and, on April 7, 2014, filed a "Plea Sentence Error." In the latter, appellant argued that his sentence was not in accordance with the plea agreement. Appellant filed another "Plea Sentence Error" on May 13, 2014. Appellant, on May 19, 2014, filed a Post-Conviction Relief Supplement/Modification. On June 16, 2014, appellant filed a Motion for Correction of Sentence.

{¶7} This Court, pursuant to a Judgment Entry filed on June 23, 2014 in Case No. 14CA52, dismissed the case because no Notice of Appeal had been filed.

{¶8} Pursuant to a Judgment Entry filed on July 16, 2014, the trial court overruled appellant's January 30, 2014 Petition for Post Conviction Relief and the supplement to the same, his April 7, 2014 "Plea Sentence Error" and his June 16, 2014 Motion for Correction of Sentence.

{¶9} Subsequently, on August 4, 2014, appellant filed a "Motion for Appeal of Sentence Contrary to Law Pursuant to 2953.08(A)(1)(B). The trial court, as memorialized in a Judgment Entry filed on August 8, 2014, overruled the motion for lack of jurisdiction, finding, in part, that it should have been filed in the appellate court.

{¶10} On August 12, 2014, appellant filed a Notice of Appeal. The appeal was assigned Case No.14CA68. On the same date, he filed another Notice of Appeal which was assigned Case No. 14CA69. Both appeals were from the trial court's July 16, 2014

Judgment Entry. Appellant, on September 18, 2014, filed a Notice of Appeal of the trial court's August 19, 2014 Judgment Entry denying a motion that appellant had filed requesting a payment plan for the payment of court costs, fines and restitution. The appeal was assigned Case No. 14CA73.

{¶11} As memorialized in a Judgment Entry filed on September 25, 2014, this Court sua sponte dismissed Case No. 14CA69 as duplicative of Case No. 14CA68. This Court, on November 10, 2014, dismissed Case No.14CA68 for want of prosecution and, on November 19, 2014, dismissed Case No. 14CA73 for want of prosecution.

{¶12} On December 1, 2014, appellant filed a motion alleging that his sentence was contrary to law. On January 21, 2015, he filed a request for an in chambers meeting "with the court and prosecutor to correct plea as stated in records for plea of (3) three years." The trial court, pursuant to an Order filed on March 4, 2015, overruled such motion for "lack of demonstrated merit."

{¶13} Appellant now appeals from the trial court's March 4, 2015 Order, raising the following assignments of error on appeal.

{¶14} Appellant now raises the following assignments of error on appeal:

{¶15} I. FAIR TRIAL; DUE PROCESS; EQUAL PROTECTION APPELLANT BY PROCEDURE OF PLEA AGREED TO PROCEDURE OF (3) THREE YEARS INCARCERATION. THE COURT ENHANCED BEYOND LESSER INCLUDED SENTENCE OF CONCURRENT SENTENCE BY PLEA NEGOTIATION. THE COURT INTERVIEN (SIC) AND SET PLEA; GAVE ALLOWANCE OF PRIOR ALLEGATIONS NO SENTENCE; GAVE INSTITUTIONS TO THE OFFICE OF THE PROSECUTOR; THE OFFICE OF THE PUBLIC DEFENDER; AND INSERTED THE PLEA THE COURT

WOULD GIVE PRIOR TO SENTENCE. FIFTH AMEND. U.S.C.; HUDSON V U.S. 522 93; STATE V. RABER 982 N.E.2D 684; STATE V. PIERSON 1998 OHIO 3812.

{¶16} II. EVIDENCE OF PROMISCUOUS PHOTOGRAPHS, LETTERS AND PHONE CALLS WERE EVIDENCE TO BE SUSTAIN (SIC) BY THE COURT. THE EFFECTIVE COUNSEL REFUSED TO REQUEST EXPERT WITNESS FROM THE OFFICE OF THE PROSECUTOR VALIDATE, "LACK OF FEAR OF." THE VICTIM AND THE VICTIM CONTINUED DESIRE OF APPELLANT. THE COURT BEING KNOWLEDGEABLE DENIED TO REDUCE IN SENTENCING THE COLLUSION OF THE VICTIM; OFFICE OF THE PROSECUTOR; EFFECTIVE COUNSEL THAT FAVORABLE EVIDENCE COULD DEC4RDASE (SIC) SENTENCE BY ONE YEAR. THE COURT GAVE ITS OWN STRUCTURE OF PLEA; EVIDENCE FOR PLEAS, SENTENCE OF PLEA. THE COURT VIOLATION IS PROCEEDING BEYOND THE PROCEDURE OF PLEA PROCEDURE. STATE V. JONES 754 N.E.2S (SIC) 1252; STATE V. SNYDER 2002 –OHIO-3756; 848 N.E.2D 706 AT 18.

{¶17} III. EFFECTIVE COUNSEL FAILURE TO OBJECT TO ILLEGAL PROCEDURE OF THE COURT, "ESTABLISHING CRIMINAL ACTS NOT OF ALLEGATION; SETTING INSTRUCTIONS TO THE PLEA; GIVING THE CONDITIONS FOR THE PLEA; ISSUING SENTENCE OF PLEA, THE COURT NEGOTIATED. THE EFFECTIVE COUNSEL FAILED TO RAISE OBJECTION WHEN, " OFFICE OF THE PROSECUTOR BY REPRESENTATION CLIENT, "VICTIM ASSERTED," PROMISCUOUS PHOTOGRAPHS, LETTERS, PHONE CALLS, "TO DEFENDANT, " TO STATE, "FEAR IS NOT APPARENT AND ALLEGATION BY PLEA TO BE 3 YEARS WITH OTHER ALLEGATIONS GAIN WHILE IMPRISONED TO BE 2 YEARS FOR 3

YEARS CONCURRENT TO 2 YEARS FOR 3 YEARS INCARCERATED. "AS LONG AS SOME INCARCERATION SENTENCE IS SERVED."  THE OPINION OF THE OFFICE OF THE PROSECUTOR.

## I, II, III

{¶18}  Appellant, in his three assignments of error, argues that his sentence was not in accordance with the plea agreement and that his trial counsel was ineffective during sentencing.

{¶19}  As an initial matter, we note that appellant is appealing from the trial court's March 4, 2015 denial of his request for an in chambers meeting. Appellant has not raised any assignments of error relating to the same. Rather, appellant  appears to be appealing from the trial court's July 16, 2014 Judgment Entry overruling various motions. An appeal as to that entry is untimely, as the time within which an appeal must be filed is thirty days pursuant to App.R. 4(A).

{¶20}  Moreover, assuming, arguendo, that appellant's appeal is timely, we find that the issues raised by appellant in his three assignments of error are barred by the doctrine of res judicata. Appellant had the opportunity to raise the claims that he now sets forth in the instant appeal in a direct appeal or in one of his previous appeals. Such claims, therefore, are barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could

have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.* at paragraph 8 of the syllabus.

{¶21} Appellant's three assignments of error are, therefore, overruled.

{¶22}  Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.