[Cite as *State v. Churchill*, 2018-Ohio-1031.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSEPH P. CHURCHILL | : | Case No. 17 CAA 10 0068 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                  Court of Common Pleas, Case No.
                                  14 CR 1 08 0352


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 March 19, 2018


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CAROL HAMILTON O'BRIEN                    JOSEPH P. CHURCHILL, pro se
Delaware County Prosecuting Attorney      #716-040
                                          5900 B.I.S. Road
By: CORY J. GOE                           Lancaster, Ohio 43130
Assistant Prosecuting Attorney
140 N. Sandusky St., 3rd Floor
Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}** Appellant, Joseph P. Churchill, appeals the decision of the Delaware County Court of Common Pleas denying his second motion to withdraw his guilty plea. The appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On August 7, 2014, the Delaware County Grand Jury returned an indictment against the Appellant for two counts of Breaking and Entering pursuant to R.C. 2911.13(A), two counts of possessing criminal tools pursuant to R.C. 2923.24(A), two counts of theft pursuant to R.C. 2913.02(A)(1), and one count of failure to comply pursuant to R.C. 2921.331(B). A warrant was issued for appellant's arrest on the same date. Appellant was incarcerated in the Franklin County Jail on another matter on the date the indictment was filed. He was transferred to Orient Correction Center on June 10, 2015. The record does not contain any evidence reflecting that the appellant was arrested pursuant to the indictment.

**{¶3}** On June 11, 2015, appellant was notified by corrections center personnel that a warrant had been issued for his arrest for the Delaware County charges and, on June 22, 2015, appellant entered a not guilty plea to all counts. On August 27, 2015, the appellant amended his plea to guilty to two counts of Breaking and Entering pursuant to R.C. 2911.13(A), felonies of the fifth degree, and one count of Failure to Comply pursuant to R.C. 2921.331(B), a felony of the fourth degree. The remaining charges were dismissed as part of a plea agreement.

**{¶4}** Appellant appeared for sentencing on September 26, 2015 and was sentenced to a total of 3 years prison imprisonment, one year for each count. The court

ordered the sentences to run consecutive to each other and consecutive to the sentence appellant was serving in an unrelated matter.

{¶5} Appellant filed a notice of appeal and a request for appointment of counsel. Counsel was appointed and appellant argued error in sentencing regarding the description of post release control. The appellant did not claim ineffective assistance of counsel in that appeal.   This court remanded the case to the trial court for re-sentencing consistent with proper imposition of post-release control but affirmed the balance of the trial court's ruling. *State v. Churchill,* 5th Dist., Delaware App. No. 15CAA10084, 2017 - Ohio- 581. A re-sentencing hearing was conducted on March 28, 2017, the sentence was re-imposed with the corrected post-release control language and all other terms remained the same.   No appeal was taken from the re-sentencing.

{¶6} In *State vs. Churchill*, Delaware App No 15CAA100084 appellant filed an application for reopening his appeal pursuant to App.R. 26 (B). Within that filing appellant argued his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel and that his trial counsel was ineffective for failing to request dismissal of the indictment on speedy trial grounds. Appellant contended his arrest on the charges in the indictment occurred 315 days after the filing of the indictment. He asserted he was imprisoned in an adjoining county during that period of time.

{¶7} In our judgment entry of April 3, 2017, we considered the appellant's allegations of ineffective assistance of counsel and denied the application for reopening, holding that the law did not impose a duty of reasonable diligence on the state to find and inform appellant of the indictment in the instant case. We further held appellant did not demonstrate a reasonable probability of a change in the outcome of the appeal had

appellate counsel raised a claim of ineffective assistance of trial counsel.(*State v. Churchill,* Delaware App. No. 15CAA10084, Judgment Entry, Apr. 3, 2017).

{¶8}   On July 10, 2017, the Appellant filed a motion for appointment of counsel and a Motion to Withdraw Plea in *State vs. Churchill*, Delaware County Court of Common Pleas, Case No. 14 CR 1 08 0352 arguing that he received ineffective assistance of counsel because trial counsel did not perform adequate investigation, did not file a motion to dismiss for violation of speedy trial rights and did not provide correct legal advice. The state filed a memorandum in opposition on July 21, 2017. The trial court denied both motions on July 26, 2017. The Appellant attempted to withdraw his motion to withdraw his guilty plea in a pleading filed August 3, 2017, but this request was moot because the motion had been denied.  Appellant did not appeal the trial court's decision.

{¶9}   The appellant filed a second motion to withdraw his plea on September 5, 2017 and a motion for appointment of counsel. The Motion included an assertion that trial counsel was ineffective for failure to conduct pretrial investigation on his behalf but lacks any reference to the record or other facts in support of that argument. Appellee filed its opposition on September 12, 2017.  The trial court denied the motion for appointment of counsel and the motion to withdraw the plea on September 18, 2017.

{¶10} On October 2, 2107, appellant filed a notice of appeal, motion for preparation of the transcript at state expense and motion for appointment of counsel.  The motion for transcript was denied by the trial court on October 13, 2017 because the transcript for the prior hearings had been provided and the matter subject to appeal, the denial of the September 5, 2017 motion to withdraw plea, was decided without a hearing. The motion for appointment of counsel was denied by this court on October 16, 2017.

**{¶11}** Appellant submits two assignments of error:

**{¶12}** I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S MOTION BASED ON RES JUDICATA.

**{¶13}** II. DEFENDANTS GUILTY PLEA WAS NOT KNOWINGLY AND INTELLIGENTLY MADE BECAUSE TRIAL COUNSEL KNEW OR SHOULD HAVE KNOWN THAT THE INDICTMENT/CHARGES WERE NO LONGER VALID DUE TO A VIOLATION OF DEFENDANT'S DUE PROCESS AND SPEEDY TRIAL RIGHTS.

**{¶14}** Appellant filed his first motion to withdraw his plea of guilty, asserting ineffective assistance of counsel, and that motion was denied on July 26, 2017. No appeal was taken from that judgment. Appellant's motion to re-open his appeal in *State vs. Churchill*, Delaware App No 15CAA100084 raised the issue of ineffective assistance of trial counsel and appellate counsel. This court denied that motion on April 3, 2017 and no appeal was taken from that decision. Final, appealable orders were issued by the trial court and this court regarding the motion to withdraw the guilty plea and the issue of ineffective assistance of counsel and appellant failed to appeal those orders. Appellant has had ample opportunity to present his arguments and he has taken advantage of those opportunities. However, he may not continue to revisit those issues; the trial court was correct to dismiss the motion based upon the doctrine of res judicata.

**{¶15}** This court has addressed application of res judicata to multiple filings of motions to withdraw a guilty plea:

> Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on

appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

Numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. (Citations omitted).

\*\*\*

As succinctly stated in State v. *Kent, Jackson* App. No. 02CA21, 2003–Ohio–6156: 'Res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post conviction relief petition or motion to withdraw a guilty plea.' " *Sneed* at ¶ 17.

**{¶16}** *State v. Green, 5th Dist. Stark No. 2011 CA 00127, 2011-Ohio-5611, ¶¶ 24-25.*

**{¶17}** The Sixth District Court of Appeals came to the same conclusion in *State v. Kelm,* 6th Dist. Wood No. WD-11-024, 2013-Ohio-202, ¶ 10 where it held "Ohio courts have recognized that res judicata bars successive Crim.R. 32.1 motions to withdraw guilty pleas, where the grounds to withdraw the plea were raised or could have been raised in the initial motion to withdraw."(Citations omitted).

**{¶18}** The two motions filed by the appellant, requesting leave to withdraw his plea of guilty, fall squarely within the precedent cited above. The argument raised in the second motion was known and, in fact, presented, in the first motion. Each motion contains assertions of ineffective assistance of counsel with no material modification. This issue was previously decided by the trial court in its July 26, 2017 order and by this court in response to appellant's motion to reopen his appeal. Appellant has had sufficient

opportunity to present any and all arguments in support of his motion to withdraw his plea and his argument that he received ineffective assistance of counsel before the trial court or appeals of the trial court's rulings. State *v. Devore*, 5th Dist. Richland No. 15CA22, 2015-Ohio-3599, ¶ 20. Appellant's argument that he has reviewed the law and discovered a more appropriate legal basis for his motion is unpersuasive. Res judicata bars any further review of his matter.

{¶19} Because we have determined that the trial court correctly applied the doctrine of res judicata, we hold that the second assignment of error is moot. However, assuming arguendo we were to consider the second assignment of error we would find that appellant failed to present this argument to the trial court and raises it for the first time on appeal. We hold that appellant has waived review of this issue by failing to raise it at the trial level in his second motion to withdraw his guilty plea. *State v. Green*, 5th Dist. Stark No. 2011 CA 00127, 2011-Ohio-5611, ¶ 28-29.

{¶20} The decision of the Delaware County Court of Common Pleas is affirmed.

**{¶21}** Costs assessed to appellant.

By: Baldwin, J.

John  Wise, P.J. and

Gwin, J. concur.