[Cite as *State v. Park*, 2020-Ohio-261.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| WESLEY PARK | : | Case No. 19CA000024 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No.06CR010009


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      January 27, 2020


APPEARANCES:

For Plaintiff-Appellee

NICOLE E. DERR
117 East High Street
Suite 234
Mount Vernon, OH 43050

For Defendant-Appellant

ERIC J. ALLEN
4200 Regent
Suite 209
Columbux, OH 43219

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Wesley Park appeals the June 5, 2019 judgment entry of the Knox County Court of Common Pleas which denied his motion to withdraw his plea. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary to our resolution of this matter. This matter began as a capital murder case involving the shooting death of Jonathan Schesby. On September 18, 2006, following negotiations with the state, Park entered Alford pleas to the amended charge of one count of involuntary manslaughter and its accompanying gun specification, as well as one count of tampering with evidence. He was sentenced to an aggregate total of 15 years incarceration.

{¶ 3}   Nearly 13 years later, on May 1, 2019, Park filed a motion to withdraw his plea. In support of his motion, Park cited various inconsistencies in a 2006 statement to police by witness Charles Maynard, and his own sworn statement given after he entered his plea on August 10, 2010. Park further relied on two letters. First, a July 16, 2009 letter written to Park by Maynard, wherein Maynard states he will not put anything in writing, but advises Park to have his attorney contact him. A second letter from Maynard to Park on August 6, 2009 indicates that Maynard gave all the information to Park's "people."

{¶ 4}   On June 5, 2019, the trial court denied Park's motion finding Park's exhibits unpersuasive, and the delay in their presentation a concern. The court further found Park's plea was freely, voluntarily and intelligently made with Park's understanding of the nature of the charges, and that sufficient evidence of his guilt was presented at the

change-of-plea hearing. The court ultimately found no extraordinary flaw in proceedings which prejudiced Park in any way.

{¶ 5} Park filed an appeal and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS PLEA."

{¶ 7} In his sole assignment of error, Park argues the trial court abused its discretion in denying his motion to withdraw his guilty plea. We disagree.

{¶ 8} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 9} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). " * * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶ 10} The basis for Park's motion to withdraw his guilty plea, and his argument here on appeal is that he is innocent of any wrongdoing and that it was Maynard who shot Schesby. A Crim.R. 32.1 motion, however, is not a challenge to the validity of a conviction or sentence, and instead focuses only on the plea. See *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 13. Park does not challenge his plea and in fact concedes he was represented by competent counsel, that he was under no duress at the time of his plea, and that the plea was freely and voluntarily entered. Appellant's brief, page 7.

{¶ 11} Moreover, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Hoover*, 3rd Dist. Seneca No. 13-13-47, 2014-Ohio-1881, ¶ 16 quoting *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977). The documents relied upon by Park were authored ten years ago. We find the trial court did not abuse its discretion in finding these documents were both unpersuasive and further, did nothing to exculpate Park.

{¶ 12} Upon review of the entirety of Park's claims in support of his motion to withdraw plea, we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea.

{¶ 13} Park's sole assignment of error is overruled.

{¶ 14} The judgment of the Court of Common Pleas, Knox County, is affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.

EEW/rw